

**MEMO ENDORSED**

MICHAEL A. CARDOZO
*Corporation Counsel*

## THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Andrea O'Connor
Labor and Employment Law Division
Phone: (212) 676-2750
Fax: (212) 788-8877
E-mail: aoconnor@law.nyc.gov

February 19, 2008

**BY FACSIMILE**
Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 18D
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/19/08

Re: McManamon v. The City of N.Y. Department of Corrections, et al.
07 CV 10575 (BSJ)(JCF)
Matter Number: 2008-003595

Dear Magistrate Judge Francis:

    I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to represent defendant New York City Department of Corrections ("DOC") in the above-referenced action brought pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 and the New York State and City Human Rights Laws. Defendant writes today to respectfully request a thirty-day (30) extension of time, from February 20, 2008 to March 21, 2008, for the DOC to respond to the complaint in above-referenced action. This is the DOC's first request for an extension of time. Plaintiff has consented to this extension.

    In order to respond to the complaint on behalf of defendant DOC, which must be grounded in knowledge, information and belief formed after reasonable inquiry, as required by Rule 11 of the Federal Rules of Civil Procedure, I must identify, locate and interview those persons with knowledge of the allegations set forth in the complaint. In addition, I must identify, locate and review any documents relevant to plaintiff's claims. An extension of time will provide defendant with sufficient time to investigate Plaintiff's allegations and to review documents that might be relevant to this action.

    The thirty-day extension is also necessary because this office has not yet completed its investigation, pursuant to General Municipal Law §50-k, concerning whether it is appropriate to represent the three (3) individuals named as defendants in the complaint. Upon information and belief, the three (3) named defendants in this action, Commanding Officer Janice Jackson, Captain Thomas Summers and Assistant Commissioner Alan Vengersky, are

current New York City employees. However, at this time we have confirmed that only Captain Summers was served with the complaint and that, upon information and belief, Assistant Commissioner Vengersky has not been served with the complaint. We have been unable to confirm whether Commanding Officer Jackson has been served with the complaint. As such, this office must first determine whether the individual defendants have been properly served with the complaint and if so, we must then determine, pursuant to §50-k, whether this office can represent these individual defendants.[1] The extension will allow this office to complete its investigation and make representation decisions prior to submitting an appropriate response to the complaint. In this way, this office can respond to the complaint on behalf of all defendants it represents at once rather than submitting numerous responses.

For the foregoing reasons, defendants respectfully request that Court grant the request for an extension of time from February 20, 2008 to March 21, 2008 to serve a response to the complaint.

Thank you for your consideration of this request.

Respectfully submitted,

Andrea O'Connor (AO4477)
Assistant Corporation Counsel

cc:  Thomas J. McManamon (by first class mail)
     Plaintiff *Pro Se*
     P.O. Box 50052
     Staten Island, NY 10305 [2]

*[handwritten:]* 2/19/08 Application granted. SO ORDERED. James C. Francis IV USMJ

---

[1] In order to preserve these individual defendants' rights while this inquiry is made, this office, without appearing on their behalf, respectfully requests that if it is determined that the individual defendants have been properly served, the time for the individual defendants to respond be extended to March 21, 2008.

[2] During the parties' February 12, 2008 conversation, plaintiff requested that all written correspondence be directed to the above-listed P.O. Box address as opposed to the residential address listed in his complaint.

- 2 -